UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 08-80479-CIV-HURLEY/HOPKINS

MARK FREEMAN, et al.,

      Plaintiffs,

v.

CLOSED CASE

MEDICAL PROTECTIVE COMPANY
OF FORT WAYNE, INDIANA,

      Defendant.

_____/

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

**THIS CAUSE** comes before the court upon defendant's motion to dismiss the complaint [DE # 8]. For the reasons given below, the court will grant defendant's motion.

### BACKGROUND

Plaintiffs Mark Freeman, M.D., and Rafael Rodriguez, M.D. are doctors insured by defendant Medical Protective Company ("MedPro"). On February 3, 1999, a patient brought medical malpractice claims against plaintiffs in the Fifteenth Judicial Circuit in Palm Beach County. *Cohen v. Freeman*, Case No. 501999CA001249XXMPAA (Fla. 15th Cir. Ct.). Pursuant to Fla. Stat. § 627.4147(1)(b)1, which permits an insurer to admit an insured's liability and settle a malpractice lawsuit within policy limits without the permission of the insured, the patient and MedPro reached a settlement agreement. Freeman and Rodriguez contested the settlement in the trial court, which agreed with the doctors and denied the patient's and Medpro's motion to enforce the settlement. The patient and MedPro appealed, and the Fourth District Court of Appeal affirmed the decision of the trial court not to enforce the settlement, citing "procedural irregularities" in the patient's and

MedPro's motion to enforce the settlement. *Cohen v. Freeman*, 914 So.2d 449 (Fla. 4th DCA 2005). The case was remanded to the trial court for consistent proceedings. *Id.* at 450.[1]

The patient and MedPro filed a renewed motion to enforce the settlement agreement. This time the trial court granted the motion to enforce the settlement. Freeman and Rodriguez appealed and the trial court's decision was affirmed. *Freeman v. Cohen*, 969 So.2d 1150 (Fla. 4th DCA 2007). The Florida Supreme Court denied review. *Freeman v. Cohen*, 980 So.2d 1070 (Fla. 2008). Several weeks later, Freeman and Rodriguez filed the instant suit, in which they allege that Fla. Stat. § 627.4147(1)(b)1. is unconstitutional as applied to them as a violation of the Supremacy Clause and the Contracts Clause of the United States Constitution. The amended complaint [DE # 5] also contains claims that MedPro violated two provisions of Florida's Unfair Insurance Trade Practices Act (FUITPA), Fla. Stat. §§ 626.9541(1)(c) and §626.9541(1)(e), by reporting to the Florida Office of Insurance Regulation ("OIR") information regarding the patient's claims, the settlement, and the identities of the doctors named as defendants.

On June 2, 2008, the defendant filed the instant motion to dismiss [DE # 8] the amended complaint.

## JURISDICTION

This court has jurisdiction over plaintiffs' claims in count I pursuant to 28 U.S.C. § 1331. This court has supplemental jurisdiction over plaintiffs' claims in counts II through V pursuant to 28 U.S.C. § 1367(a).

Venue is proper in this court pursuant to 28 U.S.C. § 1391(a)(2) because a substantial part

---

[1] The patient also filed a petition for a writ of mandamus in the Fourth District Court of Appeal to enforce the settlement, which was denied. *See Cohen v. Humana Medical Plans, Inc.*, 922 So.2d 1106 (Fla. 4th DCA 2006).

of the events giving rise to plaintiffs' claims occurred in the Southern District of Florida.

DISCUSSION

### A.    Standard on Motion to Dismiss

Granting a motion to dismiss is appropriate when a complaint contains simply "a formulaic recitation of the elements of a cause of action." *See Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007). To survive a motion to dismiss, a complaint must contain factual allegations that "raise a reasonable expectation that discovery will reveal evidence" in support of the claim and that plausibly suggest relief is appropriate. *Id.* On a motion to dismiss, the complaint is construed in the light most favorable to the non-moving party, and all facts alleged by the non-moving party are accepted as true. *See Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *Wright v. Newsome,* 795 F.2d 964, 967 (11th Cir. 1986). The threshold is "exceedingly low" for a complaint to survive a motion to dismiss for failure to state a claim upon which relief can be granted. *See Ancata v. Prison Health Servs., Inc.,* 769 F.2d 700, 703 (11th Cir. 1985). Regardless of the alleged facts, a court may dismiss a complaint on a dispositive issue of law. *See Marshall County Bd. Of Educ. v. Marshall County Gas Dist.,* 992 F.2d 1171, 1174 (11th Cir. 1993).

### B.    Defendant's Motions to Dismiss

#### 1.    Count I

Count I seeks a declaration that Fla. Stat. § 627.4147(1)(b)1, (the "no consent" statute) is unconstitutional as applied to plaintiffs for violating the Supremacy Clause and Contracts Clause of the United States Constitution.

Fla. Stat. § 627.4147(1)(b)1 requires medical malpractice insurance policies to include a clause

3

authorizing the insurer or self-insurer to determine, to make, and to conclude, without the permission of the insured, any offer of admission of liability and for arbitration pursuant to s. 766.106, settlement offer, or offer of judgment, if the offer is within the policy limits.  It is against public policy for any insurance or self-insurance policy to contain a clause giving the insured the exclusive right to veto any offer for admission of liability and for arbitration made pursuant to s. 766.106, settlement offer, or offer of judgment, when such offer is within the policy limits.

Plaintiffs claim that this provision is unconstitutional as applied to them.  However, the court finds that it is unable to address the merits of plaintiffs' constitutional claims because plaintiffs lack standing to assert them.

Because Article III of the United States Constitution limits the federal courts to determining only "cases" and "controversies," standing to sue is an essential requirement for the prosecution of any federal action.  *See* U.S. Const. Art. III, sec. 2, cl. 1.  To satisfy this threshold requirement , a plaintiff must show: (1) that he has suffered an "injury in fact" that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) that the injury is fairly traceable to the challenged action of the defendant; and, (3) that it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.  *See  Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167 (2000); *Lujan v. Defenders of Wildlife*, 504 U.S. 555 (1992). Plaintiff's burden to show all  three elements is an "irreducible constitutional minimum," and failure to show any one results in a failure to show standing.  *Lujan*, 504 U.S. at 560.

First, plaintiffs have failed to allege any "injury in fact" which is "actual or imminent" rather than merely "conjectural or hypothetical."  *See Friends of the Earth*, 528 U.S. at 167.  Plaintiffs' alleged injuries suffered as a result of the no-consent law are potential losses or reductions of medical reimbursements which would otherwise be paid by Medicare to plaintiffs.  *See* Pl.'s Am. Compl. ¶¶ 13 & 14.  However, these allegations of diminished benefits are entirely hypothetical and forward-

4

looking. Plaintiffs have not alleged that they have actually suffered reduced reimbursements, but merely predict what the effect of the no-consent law will be in the future. This kind of speculative damage is insufficient to allege an injury in fact that will support plaintiffs' standing. *See Florida State Conference of NAACP v. Browning*, 522 F.3d 1153, 1159 (11th Cir. 2008) ("[T]he plaintiff must have suffered or must face an imminent and not merely hypothetical prospect of suffering, an invasion of a legally protected interest . . . ."); *DiMaio v. Democratic Nat'l Cmte.*, 520 F.3d 1299, 1301-02 (11th Cir. 2008).

Even were the court able to put aside plaintiffs' failure to sufficiently allege an injury in fact, plaintiffs would nonetheless lack standing because they have not adequately alleged that the no-consent law causes the injury claimed by plaintiffs. On this point, plaintiffs put forth a shaky causal chain riddled with gaps in logic. According to plaintiffs, the threat of diminished benefits (1) may result from increased costs of Medicare payers (2) based on settlements of derivative claims, (3) which may arise because of involuntary settlements, (4) which may become more common under § 627.4147(1)(b)1. Several of the steps in this chain do not necessarily follow from the former. First, it is not necessarily the case that the no-consent statute causes insurers to settle substantially more claims than they otherwise would. This is particularly true in light of the statute's requirement that "any offer of admission of liability, settlement offer, or offer of judgment made by an insurer or self-insurer shall be made in good faith and in the best interests of the insured." *See Rogers v. Chicago Ins. Co.*, 964 So.2d 280, 284 (Fla. 4th DCA 2007). Second, it is not at all clear that increased settlements, even without the consent of the physicians involved, would lead to increased costs for insurers, and therefore to decreased funds available for Medicare reimbursements to physicians.

Plaintiffs therefore lack standing to assert the claims contained in Count I, and Count I must

be dismissed.  As a result, the court need not reach the merits of plaintiffs' Supremacy Clause and Contracts Clause claims.

2.      *Counts II through V*

In Counts II through V of plaintiffs' first amended complaint, plaintiffs assert claims of defamation and making false material statements on behalf of each plaintiff in violation of Fla. Stat. § 626.9541(1)(c) and § 626.9541(1)(e)1-2, respectively.  However, it appears that neither of the aforementioned sections confers on an individual the ability to bring a private right of action against an insurer.  Section 624.155(1) enumerates the particular section of the Insurance Code that may be enforced privately.  Florida Statutes 626.9541(1)(e)1. & 2. and 626.9541(1)(c), however, are not among them.  Florida courts look to whether the Florida legislature intended to create such a private remedy, *see, e.g., Murthy v. N. Sinha Corp.*, 644 So.2d 983, 985 (Fla.1994), and by specifying particular sections of the insurance code that are to be made privately enforceable, and by not including § 626.9541(1)(c) or § 626.9541(1)(e), it appears that the legislature did not intend for those sections to be enforced through private rights of action.

The Eleventh Circuit recently acknowledged as much in an unpublished decision on whether a private cause of action existed to enforce another provision of the insurance code not specifically mentioned in § 624.155(1).  *See Buell v. Direct General Ins. Agency, Inc.*, 267 Fed.Appx. 907 (11th Cir. 2008).  The court noted that Florida law conferred no private right of action to enforce the prohibition on "sliding," in violation of § 626.9541(1)(z).  *Id.* at 909.  Similarly here, because FUITPA's defamation and false-statement provisions are not included among those that are meant to be privately enforceable, the court concludes that no private right of action exists, and the claims must be dismissed.

Order Granting Motion to Dismiss
Freeman et al. v. Medical Protective Company of Fort Wayne, Indiana
Case No. 08-80479-CIV-HURLEY/HOPKINS

Plaintiffs point to Fla. Stat. § 624.155(8), which provides: "The civil remedy specified in this section does not preempt any other remedy or cause of action provided for pursuant to any other statute or pursuant to the common law of this state . . . ." According to plaintiffs, this means that the the insurance code should be interpreted as creating a private cause of action for plaintiffs' claimed violations of FUITPA. But that section goes on to provide: "This section shall not be construed to create a common-law cause of action." The plain words of § 624.155(8) indicate that the statutory remedies are meant to supplement, rather than replace, any common-law remedies otherwise available; but that section does not itself expand the scope of the statutory remedy.

## CONCLUSION

Plaintiffs lack standing to bring their constitutional claims, and no private right of action exists to pursue their claims under Florida's insurance code. Accordingly, it is hereby **ORDERED** and **ADJUDGED** that:

1.  Defendant's motions to dismiss the complaint [DE # 8] is **GRANTED**.

2.  All claims in this matter are **DISMISSED**.

3.  All pending motions not otherwise ruled upon are **DENIED AS MOOT**.

4.  The Clerk of the Court is directed to mark this case as **CLOSED**.

**DONE** and **SIGNED** in Chambers at West Palm Beach, Florida this ___1st___ day of ~~July~~, 2008.

Daniel T. K. Hurley
United States District Judge

*Copies furnished to counsel of record*

For updated court information, visit unofficial Web site
at http://us.geocities.com/uscts